IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02306-WJM-KLM

LARRY D. FREDERICK,

     Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY,

     Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the parties' **Joint Motion for Stay** [Docket No. 29; Filed November 10, 2011] (the "Motion to Stay") and Defendant's **Unopposed Motion to Reschedule Scheduling Conference** [Docket No. 30; Filed November 10, 2011] (the "Motion to Reschedule").  The parties ask the Court to stay scheduling and discovery in this case until after the District Judge has ruled on the pending Motion to Remand [Docket No. 14; Filed September 30, 2011].

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unreported decision)

(finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported

decision)).

In this case, staying discovery would not prejudice Plaintiff or Defendant.  The parties agree that there will be no prejudice to either party if they are required to wait to conduct discovery until after Plaintiff's Motion to Remand [#14] is resolved.  The Court finds that the first and second *String Cheese Incident* factors weigh in favor of staying scheduling and discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed in this court.  *See Chavous*, 201 F.R.D. at 5 (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings]").  The third factor thus weighs in favor of staying scheduling and discovery.

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against a stay.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  Avoiding wasteful efforts by the Court clearly serves this interest.  Thus, the fifth *String Cheese Incident* factor weighs in favor of a stay.

Weighing the relevant factors, the Court concludes that staying scheduling and discovery pending resolution of Plaintiffs' Motion to Remand [#14] is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion to Stay [#29] is **GRANTED**.  Scheduling

and discovery in this matter are hereby **STAYED** pending the District Judge's resolution

of Plaintiff's Motion to Remand [#14].

IT IS FURTHER **ORDERED** that the Motion to Reschedule [#30] is **GRANTED in**

**part**, to the extent that it requests that the Scheduling Conference be vacated, and

**DENIED in part**, to the extent that it requests that the Scheduling Conference be reset at

this time.  Accordingly,

IT IS FURTHER **ORDERED** that the Scheduling Conference set for November 22,

2011 at 9:30 a.m. is **VACATED**.  If necessary, it will be reset after resolution of Plaintiff's

Motion to Remand [#14].


DATED: November 14, 2011 at Denver, Colorado.


BY THE COURT:


Kristen L.  Mix
United States Magistrate Judge