**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02306-WJM-KLM

LARRY D. FREDERICK,

    Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY,

    Defendant.

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND**
_____

This is a putative class action asserting claims against Defendant Hartford Underwriters Insurance Company ("Hartford") arising out of the sale of uninsured/underinsured motorist coverage to residents of Colorado.  Before the Court is Plaintiff's Motion for Remand to Boulder County, Colorado District Court.  (ECF No. 14).

For the reasons set forth below, Plaintiff's Motion for Remand is GRANTED.

**I. BACKGROUND**

Plaintiff filed his Complaint in Boulder County, Colorado District Court on August 1, 2011.[1]  On September 9, 2011, Defendant filed a Notice of Removal (ECF No.1 ), removing the case to this Court based on diversity jurisdiction.  *See* 28 U.S.C. § 1332. On September 30, 2011, Plaintiff filed a Motion for Remand arguing that the amount in

---

[1] Plaintiff filed a nearly identical Complaint in Boulder County District Court on March 29, 2011.  Defendant removed the case to this Court.  *See* Civil Action No. 11-cv-1142-CMA-BNB.  On July 5, 2011, Plaintiff voluntarily withdrew his initial Complaint from this Court and then re-filed it in Boulder County District Court after changing the Complaint's damages language.

controversy was not sufficient to confer jurisdiction on this Court. (Motion (ECF No. 14.) On October 24, 2011, Defendant filed its Opposition to Plaintiff's Motion for Remand (Opp. (ECF No. 18), and Plaintiff filed his Reply in Support of his Motion for Remand on November 7, 2011 (ECF No. 28).

## II.  ANALYSIS

A federal district court has jurisdiction to resolve a class action civil lawsuit where the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and where the parties are diverse and other requirements are satisfied. See 28 U.S.C. § 1332(d). Here, the only contested issue is the amount in controversy. Plaintiff argues that the amount in controversy in under $5,000,000 and that this Court, therefore, lacks jurisdiction.[2] (Motion at 5-11.) Defendant counters that the amount stated in Plaintiff's Complaint is not controlling and that the amount in controversy exceeds $5,000,000. (Opp. at 3-5.)

In addressing the issue here, "courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states," and there is presumption against removal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). Where "plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1290 (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Moreover, the party invoking the Court's jurisdiction has the burden of establishing such jurisdiction. *Id.*

---

[2] In addition to unspecified compensatory damages, Plaintiff's Complaint seeks the following: "Award Plaintiff and the class members punitive damages at such time as they may be properly pled and awarded, in an amount such that the total award for compensatory and punitive damages does not exceed $4,999,999.99." (Comp.¶ 51(c).)

When a complaint is filed in federal court, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" unless it is shown "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). When a case is removed from state court to federal court "the status of the case as disclosed by the plaintiff's complaint is controlling." *Id*. at 291.  Thus, for the purposes of removal, "[t]he amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Accordingly, "if the in-state plaintiff wishes to remain in state court, all it needs to do is to refrain from alleging any particular sum in its prayer for relief (assuming that is permitted, as it often is, under state court rules of procedure)." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

A number of courts have held that where the plaintiff alleges that damages are less than the required amount for diversity jurisdiction, a defendant must prove "to a legal certainty" that the amount in controversy is actually more than what the plaintiff has stated.  *See Burns*, 31 F.3d at 1095; *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir. 2006); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007).  Other courts, however, have held that the defendant need only prove jurisdictional facts by a preponderance of the evidence rather than a "legal certainty."  *See, e.g., Bell v. Hershey Co.*, 557 F.3d 953 (8th Cir. 2009); *Oshana v. Coca-Cola Co.*, 472 F.3d 506 (7th Cir. 2006); *De Aguilar v. Boeing Company*, 47 F.3d 1404 (5th Cir. 1995).

While the Tenth Circuit has not had occasion to address the standard to be applied in these circumstances, this Court recently analyzed a near identical complaint and motion for remand in *Schatke v. Progressive Cas. Ins. Co.*, 11-cv-02305-MSK-KMT, 2011 WL 5834748 (D. Colo. Nov. 18, 2011).[3] In *Schatke*, Unites States District Judge Marcia S. Krieger, after a thorough analysis, granted Plaintiff's motion to remand reasoning that "[i]t is not necessary [to] determine whether a preponderance of the evidence or "proof to a legal certainty" is applicable [because] . . . regardless of the standard of proof, [Defendant] has not established facts demonstrating that the current amount in controversy exceeds $5 million." *Id*. at *3.

As in *Schatke*, the Court finds that Defendant here has not established facts demonstrating that the current amount in controversy exceeds $5,000,000. The Complaint here, as in *Schatke*, claims recovery not to exceed $4,999,999.99. *Id*. The Court takes this statement at face value.[4] Furthermore, while Plaintiff may request punitive damages, Plaintiff has also expressly stated that any award will be voluntarily limited so when combined with compensatory damages, will not exceed the amount sought in the Complaint. (Reply at 5-9.) As such, Defendant's contention that total

---

[3] Other than different parties, the complaint in *Schatke* and the instant Complaint appear to be identical, as both complaints arise from the same underlying insurance controversy. (Motion at 1-3).

[4] The Court declines to presume bad faith on the part of Plaintiff in bringing his Complaint for just under the $5,000,000 jurisdictional requirement. It is well recognized that a plaintiff is the "'master of the claim' and may prevent removal [to federal court] by choosing not to plead a federal claim even if one is available.'" *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *St. Paul Mercury Indemnity*, 303 U.S. at 294 (contemplating that a plaintiff may legitimately seek less than the jurisdictional amount in order to stay in state court).

damages might exceed the federal jurisdictional floor is entirely speculative.  *See Schatke*, 2011 WL 5834748, at *3.

Accordingly, Defendant has not shown that the amount in controversy meets the statutory requirement for exercise of federal court jurisdiction. Plaintiff's Motion for Remand should therefore be granted.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Motion for Remand to Boulder County, Colorado District Court (ECF No. 14) is GRANTED.

Dated this 13th day of March, 2012.

BY THE COURT:

William J. Martínez
United States District Judge