**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02306-WJM-KLM

LARRY D. FREDERICK,

     Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY,

     Defendant.

───────────────────────────────────────────────────────

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND
───────────────────────────────────────────────────────

     This is a putative class action asserting claims against Defendant Hartford Underwriters Insurance Company ("Hartford") arising out of the sale of uninsured/underinsured motorist coverage to residents of Colorado.  On March 13, 2012, the Court remanded this case to Colorado State Court after holding that the amount in controversy here was insufficient to maintain federal jurisdiction.  (ECF No. 34.)  Defendant appealed.  (ECF No. 36.)  On June 28, 2012, the Tenth Circuit reversed and remanded.  (ECF No. 45.)

     Before the Court is Plaintiff's Motion for Remand (ECF No. 14), now reconsidered by the Court based on the Tenth Circuit's order and opinion.  For the reasons set forth below, Plaintiff's Motion for Remand is denied.

## I.  BACKGROUND

     Plaintiff filed his Complaint in Boulder County, Colorado District Court on August

1, 2011.[1]  On September 9, 2011, Defendant filed a Notice of Removal (ECF No.1),

removing the case to this Court based on diversity jurisdiction.  *See* 28 U.S.C. § 1332.

On September 30, 2011, Plaintiff filed a Motion for Remand arguing that the amount in

controversy was not sufficient to confer jurisdiction on this Court.  (ECF No. 14.)  On

October 24, 2011, Defendant filed its Opposition to Plaintiff's Motion for Remand (ECF

No. 18), and Plaintiff filed his Reply in Support of his Motion for Remand on November

7, 2011 (ECF No. 28).

On March 13, 2012, this Court granted Plaintiff's Motion for Remand to Colorado

State Court.  (ECF No. 34.)  Specifically, the Court held that the amount in controversy

did not exceed $5,000,000, which is required for federal jurisdiction under the Class

Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (*Id*.)  The Court also noted that the

Tenth Circuit had not yet defined the burden a defendant must carry to prevent a

remand in a CAFA suit.  (*Id*. at 3-4.)  On March 23, 2012, Defendant appealed the

March 13, 2012 Order to the Tenth Circuit.  (ECF No. 36.)

On June 28, 2012, the Tenth Circuit reversed the Court's March 13, 2012 Order

and remanded the case back to this Court with instructions.  (ECF No. 45.)  Specifically,

the Tenth Circuit held that "a defendant seeking to remove under CAFA must show that

the amount in controversy exceeds $5,000,000 by a preponderance of the evidence."

(*Id*. at 7.)  The Tenth Circuit further instructed the Court to analyze this issue applying

---

[1]      Plaintiff filed a nearly identical Complaint in Boulder County District Court on
March 29, 2011.  Defendant removed the case to this Court.  *See* Civil Action No. 11-cv-1142-
CMA-BNB.  On July 5, 2011, Plaintiff voluntarily withdrew his initial Complaint from this Court
and then re-filed it in Boulder County District Court after changing the Complaint's damages
language.

"the preponderance of the evidence standard to the jurisdictional facts.  If Hartford

proves by a preponderance of the evidence that CAFA's amount-in-controversy

requirement is satisfied, remand is appropriate only if Frederick can establish that it is

legally impossible for the class to recover total damages in excess of $5,000,000."  (*Id.*

at 11.)

On August 17, 2012, both parties filed Briefs in light of Tenth Circuit's Remand

Order.  (ECF Nos. 49, 50.)  Both parties then filed Response Briefs on August 31, 2012.

(ECF Nos. 51, 52.)  No Reply Briefs were permitted.

This matter is now ripe for resolution.

## II.  ANALYSIS

In light of the Tenth Circuit's Opinion, Plaintiff argues that Defendant has failed to

meet its burden of establishing by a preponderance of the evidence that the amount in

controversy exceeds $5,000,000.  (ECF Nos. 49, 51.)  Plaintiff also asserts that he can

establish that it is legally impossible for the class to recover total damages in excess of

$5,000,000.  (*Id.*)  Therefore, according to Plaintiff, remand to state court remains the

appropriate ruling.  (*Id.*)  Defendant counters that because it has proven facts

supporting its estimate that the amount at stake is more than $5,000,000, and because

Plaintiff has not shown that such a recovery is legally impossible, the amount in

controversy requirement is satisfied and federal jurisdiction lies.  (ECF Nos. 50, 52.)

A federal court must assume jurisdiction under CAFA if: (1) the putative class

meets certain diversity requirements; (2) the putative class is comprised of over 100

members; and (3) the amount in controversy exceeds $5,000,000.  28 U.S.C. §

1332(d).  This "amount in controversy" requirement is not "the amount the plaintiff will recover," but rather "an estimate of the amount that will be put at issue in the course of the litigation."  *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1245 (10th Cir. 2012) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)); *see also Gibson v. Jeffers*, 478 F.2d 216, 220 (10th Cir. 1973) ("The test to determine amount in controversy is not the sum ultimately found to be due, but the sum demanded in good faith.").

"The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional minimum]."  *Frederick*, 683 F.3d at 1245 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotation omitted)).  "As a practical matter . . . the burden is 'rather light' if the sum claimed by the plaintiff exceeds the jurisdictional amount."  *Id.* (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999) (internal citation omitted)).  However, a defendant seeking to remove under the general diversity jurisdiction statute – 28 U.S.C. § 1332(a) – faces a more strenuous burden if the plaintiff requests undefined damages or damages below the jurisdictional minimum.  *Id.* at 1245-46.  A defendant seeking such a removal must "prove . . . jurisdictional facts by a preponderance of the evidence".  *Id.* (quoting *McPhail*, 529 F.3d at 955 (internal quotation and citation omitted)).

Here, the only contested issue is the amount in controversy.  Plaintiff's Complaint seeks "a total award for compensatory and punitive damages [that] does not exceed $4,999,999.99."  (ECF No. 3. at 9.)  Defendant, on the other hand, argues that Plaintiff

is seeking at least $2,960,988 in compensatory damages based on the size of the class and the temporal period at issue, and is also seeking punitive damages which, under Colorado law, could equal the amount of compensatory damages awarded.  (ECF Nos. 50, 52); citing Colo. Rev. Stat. § 13-21-102(1)(a).  Therefore, Defendant asserts that the total amount in controversy is at least $5,921,996.  (*Id.*)  Moreover, Defendant supports its amount in controversy calculation with an affidavit of a Hartford employee who calculated this sum.  (ECF No. 1, Ex. D.)

        In the Court's March 13, 2012 Order, it noted that there is a split among the Courts of Appeal as to a defendant's burden to show potential damages over the jurisdictional amount when seeking removal under CAFA, and that the Tenth Circuit had not yet had occasion to address the standard to be applied in these circumstances. (ECF No. 34 at 3-4.)  With its Remand Order, the Tenth Circuit has now definitively joined a number of other Circuits in holding that a defendant seeking to remove under CAFA must show that the amount in controversy exceeds $5,000,000 by a preponderance of the evidence, rather than to a legal certainty.  *See Frederick*, 683 F.3d at 1246-47.

        Under this standard, a defendant seeking to remove under CAFA must prove jurisdictional facts by a preponderance of the evidence.  *Id*. (citing *McPhail*, 259 F.3d at 954 ("The 'preponderance of the evidence' standard applies to jurisdictional facts, not jurisdiction itself."); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540-41 (7th Cir. 2006) ("What the proponent of jurisdiction must 'prove' is contested factual assertions . . . Jurisdiction itself is a legal conclusion, a consequence of facts rather than a provable 'fact'.").  As the Tenth Circuit notes, there are several ways a defendant can

meet this burden:

> by contentions, interrogatories or admissions in state court; by calculation
> from the complaint's allegations[;] by reference to the plaintiff's informal
> estimates or settlement demands[;] or by introducing evidence, in the form
> of affidavits from the defendant's employees or experts, about how much
> it would cost to satisfy the plaintiff's demands.

*Id*. at 1247 (citing *McPhail*, 529 F.3d at 954 (internal quotation omitted).

Moreover, a defendant is "entitled to present its own estimate of the stakes; it is

not bound by the plaintiff's estimate" in the complaint.  *Id*. (quoting *Back Doctors Ltd. v.

Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).  Thus, a plaintiff's

"attempt to limit damages in the complaint is not dispositive when determining the

amount in controversy.  Regardless of the plaintiff's pleadings, federal jurisdiction is

proper if a defendant proves jurisdictional facts by a 'preponderance of the evidence'

such that the amount in controversy may exceed $5,000,000."  *Id*.  If a defendant meets

this burden, remand is only possible if the plaintiff can demonstrate that it is "legally

impossible" to recover more than $5,000,000.  *Id*. (citations omitted).

Furthermore, punitive damages may also be "considered in determining the

requisite jurisdictional amount."  *Id*. (quoting *Woodmen of World Life Ins. Soc'y v.

Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003).  However, a defendant seeking

removal "'must affirmatively establish jurisdiction by proving jurisdictional facts that

ma[ke] it possible' that punitive damages are in play."  *Id*. at 1248 (quoting *McPhail*, 529

F.3d at 955).  "The defendant does not have to prove that the plaintiff is more likely

than not to ultimately recover punitive damages, but merely that: (1) state law permits a

punitive damages award for the claims in question; and (2) the total award, including

compensatory and punitive damages, could exceed $5,000,000.  *Id.* (citing *Back*

*Doctors*, 637 F.3d at 830) (explaining that "the question . . . is not whether the class is

more likely than not to recover punitive damages, but whether [state] law disallows such

a recovery")).  A defendant may support their contention that the total award could

exceed such an amount with facts "alleged in the complaint, the nature of the claims, or

evidence in the record to demonstrate that an award of punitive damages is possible."

*Id*.  But, absent such facts, punitive damages cannot be considered as part of the total

recovery in determining the requisite jurisdictional amount.  *Id*.

Based on the foregoing, this Court must first determine whether Defendant has

proven by a preponderance of the evidence that CAFA's amount in controversy

requirement is satisfied.  If Defendant has met its burden, then the Court must

determine whether Plaintiff has established that it is legally impossible for the class to

recover total damages in excess of $5,000,000.  Applying these instructions, the Court

finds that Defendant has satisfied the $5,000,000 amount in controversy requirement,

and Plaintiff has not established that it is legally impossible for the class to recover total

damages in excess of $5,000,000.  Consequently, federal jurisdiction lies in this case.

Plaintiff argues that "his good faith prayer for damages not to exceed

$4,999,999.99 must be taken into account in the Court's analysis of remand."  (ECF No.

at 3.)  But the Tenth Circuit has now made it clear that Plaintiff's Complaint is not

dispositive, and Plaintiff offers no other competent evidence to show that the total

potential award can not exceed $5,000,000.  *See Frederick*, 683 F.3d at 1248.

Defendant, in contrast, has provided sufficient evidence, in the form of an affidavit, that

Plaintiff's alleged actual damages are $2,960,998, and that an equal amount of punitive

damages is possible in this case.[2]  (ECF No. 1, Ex. D); *see also Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208, 1213 (D. Colo. 2007) ("[P]unitive damages can be counted in the amount in controversy . . . on a dollar for dollar basis in comparison to the actual damages sought.").  Accordingly, based on a preponderance of the evidence, the Court finds that the total potential award here exceeds $5,000,000.

The Court therefore turns to the question of whether Plaintiff can establish that it is "legally impossible [for his putative class] to recover more than $5,000,000." *Frederick*, 683 F.3d at 1248-49.  Under Colorado law, a party is not limited by the amount stated in a prayer for relief.  *See* C.R.C.P. 54(c).  Rather, "the relief ultimately granted is governed not by the demand, but by the facts alleged, the issues, and the proof."  *Township Homeowners Ass'n, Inc. v. Arapahoe Roofing & Sheet Metal Co.*, 844 P.2d 1316, 1318 (Colo. App. 1992)).  Plaintiff does not competently refute Defendant's evidence that the amount in controversy can legally exceed $5,000,000.  Therefore, Plaintiff can not establish that it is legally impossible for his putative class to recover more than $5,000,000.[3]

Because Defendant has satisfied the $5,000,000 amount in controversy requirement, and because Plaintiff can not establish that it is legally impossible for the class to recover total damages in excess of $5,000,000, Plaintiff's Motion for Remand is

---

[2]      C.R.S. § 13-21-102(1)(a) authorizes punitive damages when "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." Plaintiff alleges such conduct.  (ECF No. 2 ¶¶ 30-51.)

[3]      It is possible that Plaintiff might have been able to limit the total recovery through a binding agreement.  Because the Court has seen no evidence of such an agreement, the Court does not reach that analysis.

denied.

## III.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion for

Remand to Boulder County, Colorado District Court (ECF No. 14) is DENIED.


Dated this 1st day of October, 2012.

BY THE COURT:

William J. Martínez
United States District Judge