# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 11-cv-02306-RM-KLM

LARRY D. FREDERICK,

Plaintiff,

v.

HARTFORD UNDERWRITERS INSURANCE COMPANY,

Defendant.

## ORDER

This matter comes before the Court on Defendant Hartford Underwriters Insurance Company's ("Hartford") motion to dismiss ("Motion")[1]. (ECF No. 85.) Plaintiff Larry D. Frederick ("Frederick") did not respond to the Motion nor did he seek an extension of time in which to respond. (*See generally* Dkt.)

Based on the following, the Court: (1) REOPENS the matter; and (2) GRANTS Defendant's Motion.

**I.    BACKGROUND**

On January 10, 2014, pursuant to Local Civil Rule 41.2, the parties moved to administratively close the matter. (ECF No. 82.) The parties, in pertinent part, agreed that if the Colorado Supreme Court denied certiorari in *Maxwell v. USAA*, Case No. 2006CV323 (Boulder

---

[1] The Court construes the Motion as under Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Dist. Ct. Colo.) ("*Maxwell*"), and Plaintiff did not move to reopen the matter within thirty days, then the matter would be dismissed with prejudice. (ECF No. 82 at 2-3.) Both parties signed the stipulation. (ECF No. 82.) On January 21, 2014, the Court granted the parties' motion to administratively close the case. (ECF No. 84.)

On January 20, 2015, the Colorado Supreme Court denied certiorari in *Maxwell*. (ECF No. 85-1.)

To date, Plaintiff has not moved to reopen the matter. (*See generally* Dkt.) On February 20, 2015, Defendant moved to dismiss the matter pursuant to the parties' agreement (ECF No. 82). (ECF No. 85.)

## II.  LEGAL STANDARDS

### A.  Administrative Closure

Local Civil Rule 41.2 provides that a "district judge . . . may order the clerk to close a civil action administratively subject to reopening for good cause. Administrative closure of a civil action terminates any pending motion. Reopening of a civil action does not reinstate any motion." D.C. Colo. L. Civ. R. 41.2.

### B.  Dismissal of Actions

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

## III.  ANALYSIS

Because administrative closure is a purely administrative act, it has no effect on the parties' rights or claims. *See Crystal Clear Commc'ns, Inc. v. SW Bell Tel. Co.*, 415 F.3d 1171, 1176 (10th Cir. 2005) (citing *Quinn v. CGR*, 828 F.2d 1463, 1465 (10th Cir. 1987)). Here,

Defendant seeks a determination of the parties' rights and claims. (*See* ECF No. 85.) Thus, good cause exists to reopen the matter.

Further, Defendant seeks to dismiss the matter with prejudice based upon Plaintiff's not filing a motion to reopen within the time period allowed by the Court's prior order (ECF No. 84) and the parties' stipulation (ECF No. 82). (ECF No. 85.) Defendant attached to its Motion a copy of the Colorado Supreme Court's order denying the petition for writ of certiorari to that court in *Maxwell*. (ECF No. 85-1.) Again, as stated previously, because Defendant moves for dismissal based on the parties' stipulation (ECF No. 82), the Court construes Defendant's request as one for dismissal by Court order. Because one of the documents upon which Defendant relies is subject to judicial notice as it is part of another court's proceedings and has been called to the court's attention by the parties, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979), the Court takes such notice of the Colorado Supreme Court's order (ECF No. 85-1).

Therefore, based upon (1) the parties' stipulation (ECF No. 82); (2) the Colorado Supreme Court's denial of certiorari in *Maxwell* (ECF No. 85-1); and (3) Plaintiff's failure to seek to reopen the matter for good cause within the time permitted (*see generally* Dkt.), the Court dismisses with prejudice Plaintiff's Complaint.

## IV. CONCLUSION

Based on the foregoing, the Court:

(1) REOPENS the matter;

(2) GRANTS Defendant's motion to dismiss (ECF No. 85); and

(3) DISMISSES WITH PREJUDICE Plaintiff's Complaint (ECF No. 3).

DATED this 27th day of March, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge